Lewis V. Gustin, Appellant, v. Homer Barney,
Appellee.

Gen. No. 7,879.

Opinion filed August 28, 1928. Rehearing denied October 2, 1928.

Roscoe Herget, for appellant.

Fred W. Potter, for appellee; George W. Hunt, of counsel.

Mr. Presiding Justice Jones delivered the opinion of the court.

Lewis V. Gustin filed a bill in chancery against Homer Barney, praying that Gustin be decreed to be the tenant of Barney under a certain lease between W. A. Rowe and the said Gustin, dated August 13, 1921, and ending March 1, 1926, with a five year renewal privilege. The complainant further prayed that he should be decreed to have a right to use and enjoy the premises described in the lease, and that an injunction should issue restraining the defendant from interfering with the complainant, his friends or companions in the use of the premises.

A temporary injunction was issued, but afterwards dissolved on motion of defendant and $210 damages wer adjudged against Gustin. The defendant filed an

answer in which he denied the allegations of the bill. He also filed a cross bill to remove the alleged lease, as a cloud on his title and for an injunction to restrain the complainant from going upon or using the said premises.

The facts were stipulated by the parties and it was agreed that the only questions involved are, *first,* whether the instrument in question is, under the law, a lease or a license, for the use of the premises, and, *second,* whether or not a tender of rent made February 24, 1927, was necessary, and if necessary, whether such tender was valid.

The master found the instrument to be a lease and not a license, and also that the tender of rent was good. But upon a hearing, the chancellor sustained exceptions to the master's report, dismissed the original bill for want of equity and granted the relief prayed for in the cross bill.

By the stipulation it is agreed that complainant received the instrument in question dated August 13, 1921, from W. A. Rowe, and proceeded to use the premises under its terms and conditions; that he paid $90 a year for the first five year's use of the premises and prior to March 1, 1926, tendered defendant $140 for the use of the premises from that time to March 1, 1927, later keeping the tender good in court; that complainant's attorney thereafter tendered Fred W. Potter, attorney for defendant, a further sum of $140 for the use of the premises for the next year, which tender was refused; that the money so tendered was deposited in a bank for defendant and the defendant and his attorney were notified of such deposit; that when such last mentioned tender was refused, Potter told complainant's attorney he could do with the money whatever he pleased and supposed he would want to put it in the bank.

The premises are adapted for hunting purposes, and the greater area thereof is substantially under water

at all times of the year, and at certain times of the year they are entirely covered by water; that there are no permanent farm buildings or outbuildings on the premises; that on November 21, 1925, and prior thereto, complainant constructed and placed on the premises three blinds of cut willows to hide hunters in boats, also three circular feeding pens, inclosed by 150 feet of chicken wire five feet high, attached to poles stuck in the ground; that each of these pens contains a raft or float, upon which is a box of feed for live call ducks, and there were approximately 25 live call ducks in each pen; that complainant in September, 1925, without the knowledge or consent of Rowe, constructed a large ditch on the premises from the river to the inner lake, so that water would flow through; that he put up on trees and stumps on the premises "No Trespassing" signs with his name thereon.

Rowe conveyed the premises to Barney November 21, 1925, and the deed was recorded February 6, 1926. At that time the records of Marshall county contained no notice of any lease, license or letting of the premises. The complainant used the premises for the hunting season of 1926, which commenced on October 1, 1926, and ended January 15, 1927.

The instrument in question is in the ordinary form of a lease, signed and sealed by Rowe. It recites that Rowe, in consideration of the covenants of Gustin, leases to Gustin the said premises, to have and to hold the same from October 1, 1921, to March 1, 1926, with the privilege of extension for five years more, one year at a time. It provides for the payment of rent in consideration of the leasing, and forbids any subletting or assignment of the lease without the consent of the lessor, and for forfeiture and distress in case of nonpayment of the rent. It also contains the following paragraph:

"And it is further covenanted and agreed between the parties aforesaid that the said lessee shall have

the exclusive right only to hunt on said demised premises and to take and carry away any game he may kill, and the lessor reserves all other uses of said premises and agrees to so use the premises so as to interfere with the privileges hereby demised, as little as possible; and that he will not give any license to others to hunt thereon during the term of this lease; and it is further agreed that the lessee shall have the right to renewal of this lease.''

It is the contention of the defendant that the instrument is a license only, revocable at any time, and that it was revoked by Rowe's deed to him.

The case of *Senachwine Club v. Green*, 246 Ill. App. 629, was before this court at the April term, 1927. In many respects it is similar to this case and the instrument there in question was held to be a lease. That lease differs from this one in that it contains no express reservations in favor of the lessor such as this one does. However, we are of the opinion that where the demise limits the rights granted to a particular use, all other uses not inconsistent with those granted are reserved to the lessor whether the instrument specifically so provides or not. In exercising the uses reserved, the grantor must always do so in such manner as not to unnecessarily interfere with the grantee's rights.

Whether the instrument here involved is a lease or a license must be determined from the facts stipulated by the parties. It provides for the payment of a certain fixed rent at definite periods. The use granted was for a definite term with privilege of renewal. It was exclusive as to that use and did not merely confer a privilege under the owner.

We held in the *Senachwine Club* case that the instrument could not be construed to be a mere license simply because the premises were to be used only for certain purposes. We also held that the instrument, being for a definite term and based on a valuable consideration,

carried with it an interest in the land and could not be revoked at will. We think the conclusion reached in that case is correct and consequently we hold that the instrument here in question is a lease and not a mere license which can be revoked at will.

The agreements of the lessor not to interfere with the privileges demised, and not to give any license to others to hunt are to be regarded only as covenants for quiet enjoyment. Under the reasoning in *Macy v. Brown,* 326 Ill. 556, and *Webster v. French,* 11 Ill. 254, the tender to defendant's attorney was sufficient. The blinds, pens and other physical evidences of complainant's possession were notice of his claim of right and it was not necessary for him to place his lease of record.

The decree of the trial court must be reversed and the cause remanded with directions to enter a decree granting the relief prayed for in the original bill and dismissing the cross bill for want of equity.

*Reversed and remanded with directions.*